UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT MATHIEU,

Petitioner,

-v-

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

26 Civ. 4630 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On June 17, 2026, this Court granted Albert Mathieu's *pro se* petition for a writ of habeas corpus, insofar as it sought a bond hearing at which the Government bore the burden of showing that Mathieu posed a danger to the community or flight risk. *See* Dkt. 11 (the "Decision"). The Court denied the petition, insofar as it sought Mathieu's immediate release. *Id.*

Pursuant to the Decision, an immigration judge ("IJ") held a bond hearing for Mathieu on June 26, 2026, at the conclusion of which the IJ denied Mathieu bond. *See* Dkts. 14, 19 ("Tr."). On July 6, 2026, Mathieu filed a "motion to enforce" the Decision. Dkts. 17 ("Mot."), 23. In it, he argues that the Government did not comply with the Decision because, he claims, the IJ did not apply the correct standard or meaningfully consider alternatives to detention. Mot. at 2–4; *see also* Dkt. 24 (letter from Mathieu's wife). The Government opposes. Dkt. 21 ("Opp'n").

For the following reasons, the Court denies the motion.

## I. Discussion[1]

At the threshold, courts retain "jurisdiction to review compliance with a conditional grant of the writ of habeas corpus," so as "to determine whether the Government properly cured the

[1] The Court assumes familiarity with the facts of this case, as described in the Decision.

identified constitutional error." *J.M.P. v. Arteta*, 807 F. Supp. 3d 265, 285 (S.D.N.Y. 2025) (citation omitted). Section 1226(e) of Title 8—which otherwise precludes a noncitizen from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release," *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up)—does not bar such review, *see Bogle v. DuBois*, 236 F. Supp. 3d 820, 822 (S.D.N.Y. 2017). The Court thus has jurisdiction to "ensure compliance with [the Decision] and prevent [the Decision] from becoming illusory." *Mendoza v. Noem*, No. 26 Civ. 1260, 2026 WL 1470652, at *4 (S.D.N.Y. May 26, 2026).

On the merits, however, Mathieu's motion fails, because the IJ followed the Court's orders in the Decision. The "key inquiry" in determining whether an IJ complied with an order to hold a constitutionally adequate bond hearing is whether, during the hearing, the IJ "relied upon proof that *could not possibly establish* by clear and convincing evidence—as a matter of law—that petitioner was a danger to the community." *Medley v. Decker*, No. 18 Civ. 7361, 2020 WL 1033344, at *2 (S.D.N.Y. Mar. 3, 2020) (cleaned up) (emphasis in original). "Clear and convincing evidence . . . means something more than preponderance of the evidence, and something less than beyond a reasonable doubt." *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985) (cleaned up).

Here, the Court's Decision directed an IJ to

> hold a bond hearing for Mathieu, at which the Government shall bear the burden of proving, by clear and convincing evidence, that Mathieu is a danger to the community or a flight risk. In determining whether to grant bond, the IJ shall consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring. In determining the amount of any bond imposed, the IJ shall consider Mathieu's ability to pay.

Decision at 15.

At the June 26 hearing, the IJ clearly applied the correct standard. His words make clear that he required the Government to prove Mathieu's dangerousness, or risk of flight, by clear and convincing evidence. *See, e.g.*, Tr. at 4 ("burden is on the Government"), 5 ("Government, it is your burden"), 42 ("I do believe the Government has demonstrated by clear and convincing evidence [Mathieu] is a danger to the community"); 43 ("Government has met its burden to demonstrate that [Mathieu] continues to be a danger."). And the record developed at the hearing supported, at a minimum, the IJ's finding that the Government had shown that Mathieu posed a danger to the community.[2] For example, in his testimony, Mathieu admitted that (1) during a May 2024 altercation with his wife, he "went to the kitchen, grabbed the knife, and punctured the tires of the car," *id.* at 8; and (2) during another fight with his wife some three months later, on September 2, 2024, "it's a possibility that my hands touched her . . . we was tousling," *id.* at 10 (cleaned up). And a police report of the latter incident—entered into evidence at the hearing, and repeatedly referenced by both sides and the IJ—states that Mathieu's wife told police officers that he "str[uck] her with a closed fist multiple times about the face causing substantial pain" and then "put his hands around her neck causing her difficulty breathing." Dkt. 21-1 at 10. That evidence adequately supported the IJ's finding that there was clear and convincing evidence of dangerousness. *See Medley*, 2020 WL 1033344, at *2.

The IJ also adequately considered alternatives to detention. The IJ recognized that the Decision required him to consider such, Tr. at 4; heard argument on this point from Mathieu's immigration counsel and the Government, *id.* at 38, 41; and reasoned that no such alternatives would be sufficient based on the facts and circumstances of Mathieu's particular case, *id.* at 44.

[2] Because either showing independently supports denial of bond, the Court does not have occasion to reach whether the evidence adduced at the hearing also supported the IJ's finding that Mathieu posed a flight risk.

Under the circumstances, that finding—that lesser mechanisms would not reliably protect the public, including Mathieu's wife, from harm—was self-evidently reasonable. And, because the IJ found Mathieu a danger to the community and flight risk such that no monetary bond would suffice, the IJ was not required to consider Mathieu's ability to pay.

Mathieu's two remaining counterarguments are without merit.[3] First, he argues that the IJ errantly focused on the above police report, instead of crediting "multiple good character letters from family and friends," his wife's testimony at the hearing, and certificates Mathieu earned regarding domestic-violence prevention and other topics. Mot. at 2–3. But that argument asks the Court to re-weigh the same evidence that the IJ duly considered. Section 1226(e) prohibits such. Second, Mathieu argues that "criminal history alone will not always be sufficient" to justify detention. *Id.* But, even assuming for the sake of argument that that were so, the IJ reasonably concluded that Mathieu's violent and relatively recent actions with respect to his wife, among other instances of misconduct adduced at the hearing, proved him dangerous.

***Overall assessment***: The IJ followed the Decision's directives, providing Mathieu with a prompt and constitutionally adequate bond hearing. There is thus no basis for the Court to compel additional action pursuant to the Decision. *See, e.g.*, *Medley*, 2020 WL 1033344, at *3 (denying motion to enforce, where IJ applied proper standard and hearing record adequately supported IJ's findings); *Arana v. Barr*, No. 19 Civ. 7924, 2020 WL 2094098, at *8–10 (S.D.N.Y. May 1, 2020) (same); *Sophia v. Decker*, No. 19 Civ. 9599, 2020 WL 1957373, at *1–3 (S.D.N.Y. Apr. 23, 2020) (same); *Bonilla v. Decker*, No. 22 Civ. 4501, 2024 WL 182315, at *5–6 (S.D.N.Y. Jan. 17, 2024) (same).

---

[3] To the extent Mathieu makes other counterarguments, these are captured by the discussion above.

**CONCLUSION**

For the above reasons, the Court denies Mathieu's motion. The Clerk of Court is respectfully directed to mail a copy of this decision to Mathieu at the address on file; terminate all pending motions; and close this case.

SO ORDERED.

Dated: July 22, 2026
New York, New York

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge